# CIRCUIT COURT OF MADISON COUNTY

Linda T. Hawkins

v.

Howard A. Hawkins, Jr.

March 16, 2011

Case No. CL10-2520-00

BY JUDGE DANIEL R. BOUTON

I have reviewed the two orders that have been endorsed and presented in connection with the above referenced case. I am writing to advise that, without further information, I must respectfully decline to enter them.

To begin with, the court understands that it has the authority to incorporate the separation agreement of the parties prior to the entry of a divorce decree under the provisions of § 20-109.1 of the Code of Virginia. Nevertheless, the effect of incorporating the agreement now would allow the parties to ask the court to exercise its contempt powers at this stage of the case to monitor and enforce their private agreement. This could invite a complaint, a hearing, or a show cause request based on their personally negotiated arrangements before the court has even addressed any aspect of the case. In my view, the appropriate time for the court to incorporate a private agreement and make available to the parties its contempt powers to enforce it is when the case is concluded rather than when it is pending. The court can ascertain no compelling or unusual reason that would justify incorporating the agreement at this point. Furthermore, should the court do so for the parties in this case, there would be no basis to refuse others who would like their agreements to be incorporated in this fashion.

With regard to the sequestration order, the court acknowledges its authority pursuant to § 20-124 of the Code of Virginia. There are cases where a request of this type might be justified (to protect children, to prevent possible harm to another person, or to safeguard critical information that

might compromise the well being of a party or an ongoing investigation, etc.). However, in our democracy, all aspects of the judicial branch of government are open for citizens to observe and inspect. Unfortunately, for some this often includes information about their lives that is arguably personal or embarrassing. However, this does not justify closing a hearing, sealing documents, or prohibiting public access to any part of a file. The principle of open access far outweighs the privacy benefits that litigants receive when requests like this are granted. Thus, an order of sequestration should be entered only in unusual cases and based on exceptional circumstances. Finally, it must be noted that, if the order in this case is approved, the same request would have to be granted by the court in many other domestic cases. Such files would then be routinely sealed for the convenience of the parties and not thereafter open to public inspection. In my judgment, this would not be appropriate.